# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DELASK PITTMAN,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 3:13-cv-00713-HDM-VPC

**ORDER**

    Petitioner, who is in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action either because it is a second or successive petition or because it is untimely.

    In the Eighth Judicial District Court, Case No. 96C136449,[1] petitioner was convicted of two counts of battery with intent to commit a crime, one count of attempted sexual assault, one count of burglary, four counts of sexual assault with the use of a deadly weapon, and one count of robbery

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7634838 (report generated June 25, 2014).

1  with the use of a deadly weapon.[2]  Petitioner appealed, and the Nevada Supreme Court, Case No.
2  32882, affirmed on June 9, 2000.[3]  Petitioner filed post-conviction habeas corpus petitions in the
3  state district court on November 6, 2009, November 30, 2010, March 3, 2011, and April 4, 2012.
4  The state district court denied all of these petitions.  Petitioner appealed the denial of the March 3,
5  2011, petition.  On April 11, 2012, the Nevada Supreme Court, Case No. 59625, determined that the
6  petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1), and successive and abusive of the
7  writ pursuant to Nev. Rev. Stat. § 34.810.[4]  Remittitur issued on May 8, 2012.

8        Petitioner then filed multiple habeas corpus petitions in this court before filing the current
9  petition.  Most were dismissed for procedural reasons.  However, in one, Case No. 3:10-cv-00271-
10 ECR-VPC, the court denied the petition on the merits before ordering service.  The court
11 determined that petitioner's claim of error in the state-court post-conviction proceedings was not
12 addressable in federal habeas corpus.

13       Because the court has denied on the merits an earlier habeas corpus petition that challenged
14 the same judgment of conviction, the petition (#1) in this action is a second or successive petition.
15 28 U.S.C. § 2244(b).  Petitioner must first obtain authorization from the court of appeals before this
16 court can consider his petition.  28 U.S.C. § 2244(b)(3).  It does not appear that petitioner has
17 obtained that authorization.  Petitioner will need to show cause why the court should not dismiss
18 this action because it is second or successive.

19       The action also appears to be untimely.  Petitioner had one year from the finality of his
20 judgment of conviction to file a petition pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(d)(1)(A).
21 The time spent on a properly filed state post-conviction petition does not count toward that one year.
22 28 U.S.C. § 2244(d)(2).  The judgment in petitioner's case became final on September 7, 2000,

---

[2] To assemble this procedural history, the court takes judicial notice of petitioner's other habeas corpus petitions that he has filed in this court, Case Nos. 3:09-cv-00297-HDM-VPC, 3:10-cv-00271-ECR-VPC, 3:10-cv-00447-RCJ-RAM, 3:13-cv-00191-RCJ-WGC.

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=1021 (report generated June 25, 2014).

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=27786 (report generated June 25, 2014).

when the time to petition the Supreme Court of the United States for a writ of certiorari expired. See Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009), Sup. Ct. R. 13(1). Petitioner did not file any post-conviction habeas corpus petitions in state court until November 6, 2009, more than eight years after the federal one-year period had expired. Even if the state habeas corpus petitions were properly filed, there was no time left to be tolled. Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner will need to show cause why the court should not dismiss this action because it is untimely.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action because it is second or successive and because it is untimely. Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. No response is required at this time.

DATED: June 30th, 2014.

_____
HOWARD D. MCKIBBEN
United States District Judge